**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ROBERT O. HAYDEN, | : | |
| Plaintiff, | : | Case No.  3:05CV348 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| LAURA J. KIDDON, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff Robert O. Hayden, a prisoner at the Chillicothe Correctional Institution in Chillicothe, Ohio bring this case *pro se*, but not *in forma pauperis*.  Public records from one of Hayden's prior cases in this Court reveal that he is currently serving a ten-to-twenty-five year sentence due to his conviction in state court of rape with a prior aggravated felony specification. *Robert O. Hayden, Petitioner v. J. Erwin, Respondent*, Case No. 3:02cv00530 (S.D. Ohio)(Doc. #22).[2]

Hayden's present Complaint alleges that the named defendants – Laura J. Kiddon and Kenneth Betz – withheld evidence (DNA test results) of his innocense of state criminal charges. Hayden maintains:

> Both Defendant[s] herein failed to inform the trial court that DNA was

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  This prior case was terminated August 20, 2004.  *Id*. at Doc. #26.

>[found] did not match the Plaintiff herein.  The defendant[s] failed and withheld the fact that Plaintiff's DQA1 typing was incorrect.  Therefore, no fair decision could be given to the Plaintiff concerning the prior DNA test in September 2004.
>
>The Defendant[s] failed to and withheld the fact, that Plaintiff's DNA type is shared by thousands of other individuals who ha[ve] the same DNA type....

(Doc. #1 at 5).  Hayden seeks a jury trial, compensatory and punitive damages against each named defendant, and "such other relief as it appears Plaintiff is entitled."  (Doc. #1 at 5-6).

This case is presently before the Court for a *sua sponte* review to determine whether Hayden's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915A(b).

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation by prisoners, Congress authorized dismissal of an IFP Complaint brought by a prisoner if the District Court is satisfied that the action is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915A(b).

Viewing the Complaint through lens of §1915A(b), the Court asks whether the plaintiff raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a prisoner Complaint that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(A)(b)(1). When considering whether a Complaint states a claim for relief, the factual allegations in the Complaint must be taken as true and construed in a light most favorable to the plaintiff. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Hayden bring this case *pro se*, the Court liberally construes his factual allegations in his favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). "A pro se Complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting in part *Estelle*, 429 U.S. at 106.

Upon *sua sponte* review, Hayden's *pro se* Complaint does not rest on an arguable legal basis because he seeks to litigate claims, and obtain damages, for violations of his rights by the named defendants' acts or omissions in connection with his state criminal conviction. To obtain damages under 42 U.S.C. §1983 for these violations, Hayden must first show that his conviction has been invalidated. "[I]n order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

3

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original); *see Wood v. Balisok*, 520 U.S. 641, 648 (1997).

Hayden's claims against the named defendants bear a direct relationship to the validity of his conviction. His Complaint, however, does not allege that he has obtained a reversal of his conviction or an expungement by executive order or a declaration of invalidity by any state tribunal or a Writ of Habeas Corpus. As a matter of public record, Hayden has filed three unsuccessful Petitions for Writ of Habeas Corpus in this Court, and he has filed one unsuccessful "Independent Action." *See Robert O. Hayden, Petitioner v. J. Erwin, Respondent*, Case No. 3:02cv00530 (S.D. Ohio)(Doc. #22 at 4-5, 9-11, 19)(explaining Hayden's prior state and federal cases). None of these prior cases resulted in a decision calling into doubt the validity of his rape conviction with a prior aggravated felony specification or his resulting sentence.

Accordingly, Hayden's present Complaint is not cognizable under §1983 and must therefore be dismissed under 28 U.S.C. §1915(A)(b) as frivolous or for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Hayden's Complaint be DISMISSED; and

2. The case be terminated on the docket of this Court.


October 18, 2005 　　　　　　　　　　　　　　　　　 s/ Sharon L. Ovington      
　　　　　　　　　　　　　　　　　　　　　　　　　　　Sharon L. Ovington
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).