IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT O. HAYDEN,                   :

    Plaintiff,                          :

                                             Case No. 3:05cv348

    vs.                                  :

                                  JUDGE WALTER HERBERT RICE

LAURA J. KIDDONE, et al.,           :

    Defendants.                         :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #4) TO THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #3); REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. #3) ADOPTED, AS SUPPLEMENTED HEREIN; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

In 1990, Plaintiff Robert Hayden ("Plaintiff" or "Hayden") was convicted in the Montgomery County Common Pleas Court of rape.[1] In his Pro Se Complaint (Doc. #1), Hayden alleges that he filed an application for DNA testing with that court in September, 2004. In the process of ruling upon that application, the trial court questioned Defendants Laura Kiddone and Kenneth Betz, both of whom

---

[1]The Court's statement of facts is taken from the Plaintiff's Complaint (Doc. #1) and the decision filed in the Montgomery County Common Pleas Court, denying his request for DNA testing. That decision is attached to Plaintiff's Objections (Doc. #4) as an exhibit and is referred to in his Pro Se Complaint (Doc. #1).

withheld critical information. See Doc. #1 at 5. As a result, the trial court could not make a fair decision concerning Plaintiff's request for DNA testing. Id.

United States Magistrate Judge Sharon Ovington conducted a sua sponte review of the Plaintiff's Pro Se Complaint, concluding in her Report and Recommendations (Doc. #3) that his Complaint was frivolous in accordance with 28 U.S.C. § 1915A(b)(1). In particular, Judge Ovington recommended that this Court conclude that the claim set forth Plaintiff's pleading is barred by the doctrine established in Heck v. Humphrey, 512 U.S. 477 (1994). The Plaintiff has objected to the Magistrate Judge's Report and Recommendations (Doc. #3). See Doc. #4. For reasons which follow, this Court agrees with that judicial officer that the Plaintiff's claim is barred by Heck.

In Heck, the Supreme Court held that a prisoner could not maintain an action to recover damages, under 42 U.S.C. § 1983, if a judgment in favor of the prisoner would call into question the validity of his conviction. Such a claim could be brought only under the habeas corpus statute, 28 U.S.C. § 2254. In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court explained its holding in Heck:

> In Heck, the Court considered a different, but related, circumstance. A state prisoner brought a § 1983 action for damages, challenging the conduct of state officials who, the prisoner claimed, had unconstitutionally caused his conviction by improperly investigating his crime and destroying evidence. 512 U.S., at 479. The Court pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id., at 486. And it held that where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," id., at 481-482, a § 1983 action will not lie "unless … the conviction or sentence has already been invalidated," id., at 487. The Court then added that, where the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment …, the action should be allowed to proceed." Ibid. (footnote omitted).

Id. at 80.

The state of Ohio has adopted a comprehensive statutory scheme concerning post-conviction DNA testing. See Ohio Rev. Code §§ 2953.71-2953.81. See also, Ohio Rev. Code § 2953.21 (providing that a prisoner can obtain post-conviction relief, if the results of DNA testing conducted in accordance with §§ 2943.71-2953.81 establish by clear and convincing evidence that the prisoner is actually innocent). In State v. Waire, 2005 WL 2248925 (Ohio App. 2005), the court gave an overview of that statutory scheme:

> A prison inmate who has been convicted of a felony and who has at least a year remaining on his prison term may file a postconviction application for DNA testing of biological evidence upon which no DNA test, or an inconclusive DNA test, has been conducted. See R.C. 2953.71(F), 2953.72(A) and (C), 2953.73(A), and 2953.74(A) and (B). The common pleas court may "accept" the application only if the DNA-testing results are "exclusi[ve]" and the court determines that the results are "outcome determinative." See R.C. 2953.74(B) and (C)(4). DNA-testing results are "exclusi[ve]" if they "scientifically preclude[ ] or foreclose[ ] the … inmate as a contributor of biological material recovered from the crime scene or victim." R.C. 2953.71(G). "[E]xclusive" results are "outcome determinative" if, "had [they] been presented at the [inmate's] trial … and been found relevant and admissible …, no reasonable factfinder would have found the inmate guilty of [the] offense." R.C. 2953.71(L).

Id. at *1. See also, State v. Buehler, 113 Ohio St.3d 114, 119, 836 N.E.2d 124, 129 (2007) (noting that the statutory scheme concerning post-conviction DNA testing "precludes a trial court from accepting an application for DNA testing unless an eligible inmate can show, in cases where the inmate did not have DNA testing at trial, that an exclusion result would be outcome-determinative").

Simply stated, the foregoing demonstrates that the purpose of post-conviction DNA testing under Ohio law is to provide a mechanism by which a wrongfully convicted prisoner can utilize DNA evidence to obtain exoneration, in

other words to challenge the validity of his conviction.  Therefore, the Plaintiff is necessarily challenging the validity of his conviction by alleging that his request for DNA testing was not ruled upon fairly as a result of the Defendants withholding information from the trial court, since the purpose of such testing was to permit him to challenge the validity of his conviction.[2]  Accordingly, this Court concludes that Plaintiff's claim is barred by the doctrine established by the Supreme Court in Heck.  In reaching that conclusion, this Court rejects the Plaintiff's assertion that Heck is not applicable, given that, in rejecting his September, 2004, request for DNA testing, the state court concluded that introduction of DNA evidence would not create a reasonable probability that the result of his criminal trial would have been different.  See Doc. #4 at 2.  Hayden has alleged that he did not receive a fair decision concerning his request for DNA for testing in September, 2004.  He cannot, while suing those alleged to have caused that unfair decision, avoid the application of Heck, by arguing that alleged unfair decision indicated that DNA testing would not have resulted in a different result in his criminal trial.

Accordingly, the Court overrules Plaintiff's Objections (Doc. #4) to the Magistrate Judge's Report and Recommendations (Doc. #3).  That judicial filing is adopted, as supplemented herein.  Judgment is to be entered in favor of Defendants and against Plaintiff, dismissing his Pro Se Complaint as frivolous, in accordance with 28 U.S.C. § 1915A(b)(1).

---

[2]Although he does not expressly so allege, the thrust of Plaintiff's Complaint is that he sought DNA testing in order to establish that he was not guilty of the rape for which he had been convicted.  (Indeed, the Ohio General Assembly adopted §§ 2953.71-2953.81 for that purpose and for none other).  Hayden's effort to challenge his conviction in that manner was derailed when the Defendants withheld evidence from the trial court.

- 5 -

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 15, 2008

                                              /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Robert O. Hayden, Pro Se
Magistrate Judge Sharon Ovington.